UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PERSHING JOSEPH BROWN, JR.**      **CIVIL ACTION**

**VERSUS**      **NO. 17-1957**

**JEFFERSON PARISH SHERIFF'S**      **SECTION "J" (4)**
**OFFICE, ET AL**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.**      **Factual and Procedural Background**

The plaintiff, Pershing Joseph Brown, Jr. ("Brown"), is an inmate housed at the Jefferson Parish Correctional Center in Gretna, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983. Brown filed this complaint against Jefferson Parish Sheriff's Office ("JPSO"), and Correct Health Medical Services ("Correct Health"). R. Doc. 4.

Brown alleges that the Jefferson Parish Correctional Center's medical department gave him medication that caused him to have an ulcer. R. Doc. 4, p. 4. He states that he had been incarcerated for seven or eight days before his stomach started to harden. *Id.* He states that he could not eat anything for a few days and, although he talked to a nurse and filled out a sick call, he received no attention. *Id.* The next day he spoke with the officer working the pod; again, nothing happened. *Id.* He later spoke with another officer working the pod and filled out an emergency sick call. *Id.* He was then brought down stairs by a nurse. He informed the nurse of his stomach

problems as well as his inability to use the bathroom. *Id.* The nurse then gave him a handful of both hard and gel-like orange pills. *Id.* The nurse instructed him to drink a lot of water. *Id.* Brown then returned to his pod and followed those instructions. A few hours later, Brown began to use the bathroom, but his urine and waste were both a dark red/burgundy color. *Id.* He also noticed that he was feeling weak. So, Brown went again to the intercom and informed the officer of these problems. However, the officer allegedly refused Brown's request and continued to do so throughout the night despite his and other inmates' pleas. *Id.* at p. 5. After a shift change, Brown informed the next pod officer, and medical responded within six minutes. He was then taken to the hospital, where he was informed that he needed surgery due to an ulcer. He allegedly had a hole the size of a quarter in his stomach. *Id.*

Brown seeks help to ensure that a change occurs to guarantee humane treatment and adequate health services for incarcerated persons. *Id.* He also seeks to be compensated $2,000,000.00. *Id.*

## II.   Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.   The Court has broad discretion in determining the frivolous nature of the complaint.   *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).   However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.   *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.

1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Improper Defendants

#### A.   Jefferson Parish Sheriff's Office

Brown has also named the JPSO as a defendant in this action. "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002)). *See also Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D.La. Nov. 24, 2008); *Fitch v. Terrebonne Parish Sherif Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D.La. Sept. 18, 2006). As such, the claims against the JPSO are also frivolous and otherwise fail to state a claim for which relief can be granted.

#### B.   Correct Health Medical Services

Brown has also asserted claims against Correct Health as a result of his alleged poor medical treatment. R. Doc. 4, p. 4-5. Notably, Brown has not named an individual employee of

Correct Health or asserted any claims against an individual employee. As such, Brown is asserting claims against Correct Health in its supervisory capacity.

The Court first recognizes that Correct Health is the private corporation contracted to operate the medical services within JPCC, and the company and its employees are subject to liability as state actors under § 1983.  *See Bishop v. Karney*, 408 F. App'x 846, 848 (5th Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 49-50, 54-57 (1988)); *accord Filarsky v. Delia*, 566 U.S. 377, 383-84 (2012) (a private individual retained by the state government to carry out its work can be sued as a state actor under § 1983). However, in this case, Brown cannot state a claim against Correct Health merely in its supervisory role over its employees.

Brown's attempts to hold Correct Health liable for its supervisory role or a theory of vicarious liability is simply not allowed in an action filed pursuant to § 1983.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Sears ex rel. Sears v. Lee*, No. 08-3418, 2010 WL 324385, at *3-5 (E.D. La. Jan. 20, 2010); *see Watts v. Burke*, No. 15cv99, 2016 WL 1389613, at *2 (S.D. Ms. Apr. 7, 2016) (corporate prison medical service not vicariously liable for the acts of its employees).   Brown also has not alleged that he suffered any injury directly resulting from any order, training, or other policy implemented by Correct Health that would create a vicarious liability under § 1983.  *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

Brown has not alleged any act or policy of Correct Health which could form the basis of liability under § 1983 for the acts of its employees. His claims against Correct Health must be

dismissed as frivolous and otherwise for failure to state a claim pursuant to § 1915, § 1915A and § 1997e as applicable.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Pershing Joseph Brown, Jr.'s § 1983 claims against Jefferson Parish Sheriff's Office and Correct Health Medical Services be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 30th day of March, 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.